## GAYLE v. RANDLE.

1. The plaintiff may sue on the original consideration of a contract, though an order on a third person may have been given in payment, and is in the possession of the person drawn on; if the plaintiff can account for such possession, and shew that it was improperly obtained.

2. Though a receipt for the amount be endorsed on the order, it is, not conclusive; and the plaintiff may explain it, and shew that it was not paid.

3. In payment of an order in favor of an executor, the acceptor tenders a note made by the deceased to a third person, and not endorsed to him This is not a good tender, nor a set-off in this action.

EDMUND RANDLE brought an action of assumpsit in the Circuit Court of Dallas county, against J. Gayle, senior, to recover $260 for certain articles sold and delivered to him, by Randle, as executor of the last will of

Willis Randle, and as part of his personal estate; and obtained a verdict in his favor.

On the trial, the defendant below produced and proved the execution of the following order and receipt:

"Samuel B. Ewing, Esq sir, please pay Mr Edmund Randle, two hundred and sixty dollars, and oblige your obedient, MATT. GAYLE. February 14th, 1826."

On which was the endorsement following: "Received of the within, two hundred and·sixty dollars, February 14th, 1826. E. RANDLE."

The plaintiff then proved that the articles, to recover ·the price of which the suit was brought, were not sold on credit, but for cash; that he had taken the above order· on Ewing in payment of the amount, on the express condition that it should be paid by Ewing immediately on presentment; that when presented, Ewing said he would pay it, and that the receipt endorsed was written and signed with a belief that the order would be paid; that said Ewing then produced a note made by the testator of the plaintiff to one John Swift, as his property, but which was not assigned to him, and tendered it in part payment of the order, and offered the balance in cash; that the plaintiff would not receive this payment, and demanded a return of the order; that Ewing refused to surrender it, retained it as his property, and produced it in Court.

On this evidence, the defendant requested the Court to charge the jury, that the order must be produced by the plaintiff, and cancelled, at or before Court, or proven to be lost or destroyed, or that the plaintiff could not recover on the original consideration, it being in proof that the order was given for the original debt of the defendant. But the Court charged the jury, that, "though this was generally so ruled, and might usually be necessary, yet, that if the order was in the hands of the drawee, without actually having been paid by him, and the production on the part of the plaintiff was prevented by him, the reason of the rule failed, and it did not apply." The defendant further requested the Court to instruct the jury, that a claim against the deceased, was good as a set·off against an open account in the hands of the executor for property of the estate sold, which charge the Court refused. A further charge requested by the defendant, was, that Ewing's having the order in his possession, receipted by

JULY 1828.

Gayle
v.
Randle,

the plaintiff without fraud on his part, or that of the defendant, was conclusive of the payment; and that the plaintiff's remedy, if any, was against Ewing; and that the defendant was discharged from liability on the order, or the original consideration. But on this the Court charged the jury, "that an order in the hands of the drawee, receipted by the person in whose favor it was drawn, was *prima facie* evidence of payment; but that such a receipt, and such circumstances, were open to explanation, and if proven to be different from their import, they would not have the effect contended for." And lastly, the defendant requested the charge, that the tender of the note of the deceased by Ewing, which note was due and acknowledged to be just by the executor, was a legal tender; which charge the Court refused, and instructed them that it was not a legal tender. All which is shewn by a bill of exceptions.

Gayle assigned in this Court for error, that the charges requested in the Court below should have been given, and that those given were erroneous.

GORDON and PERRY, for the plaintiff in error.

GOLDTHWAITE, for the defendant.

## By the CHIEF JUSTICE.

ON a consideration of all the points presented by the bill of exceptions, we have no hesitation in sustaining the Judge of the Circuit Court in his decision on every one of them. It is very clear, that if such set-offs were allowed, it would exceedingly embarrass the settlement of estates. We say, too, on the other points, that the plaintiff most satisfactorily accounted for all the circumstances attending the order, from the time it was improperly obtained from him, to the final production of it on the trial. There never was a case better made out. The judgement must be affirmed.

JUDGE CRENSHAW dissenting.

JUDGE WHITE not sitting.