CRIMM'S ADM'R v. TOWNSEND.

1. To aathorize the vendee of real estate, who holds the bond of a deceased person, conditioned to make a title, to proceed in the Orphans' Court to enforce a performance, he should disclose in his petition such a state of facts as indicate he comes within the category intended to be provided for by the statute.   Consequently it should be alledged, that the executor, or administrator, of the obligor, received his appointment from the Orphans' Court of the county in which the petition is filed.

Error to the Orphans' Court of Pickens.

THE defendant in error, by his petition, addressed to the Judge of the County Court, represented, that the intestate, for a valuable consideration, sold to the petitioner the following tracts of land, viz : The west half of the south-west quarter of section ten, of township eighteen, in range fourteen, and the north half of the south-east quarter of section nine,

in the same township and range—all situated in the county of Pickens, and in the district of land subject to sale at Tuskaloosa. In consequence of such sale, the intestate executed his bond to the petitioner, in the sum of five hundred dollars, on the 1st September, 1837, conditioned to make to the "petitioner a good and lawful title" to the land above described, when the patents shall have been received therefor, or as soon thereafter as a patent should be demanded.

It is then stated that the intestate received the patents, and acknowledged his readiness to make titles to the land whenever a deed was drawn, but died without ever having perfected a conveyance. *Further*, the petitioner has performed every condition required by his contract of purchase. The premises considered, the petitioner prayed that the clerk of the county court may be required to cause notice of his petition to be published in some newspaper in this State once a month for at least three months, that the matter will be heard, &c.; and that the administrator of the intestate's estate make titles to the lands aforesaid, according to the statute.

At the regular term of the Orphans' Court, holden on the 10th of February, 1845, an order was made reciting the petition, and directing publication once a month for three successive months, in the "Democratic Register, (a newspaper published in Pickens county,) notifying all persons interested in the petition to appear at the court house of that county, on the second Monday in June next, and defend against the same, if they think proper. Afterwards, on the second Monday in June, (the order previously made not having been published,) was renewed, by requiring all persons interested to appear on the second Monday in September, and show cause against the prayer of the petition.

On the day last mentioned, a decree was rendered, reciting that notice had been given according to the previous order of the court, and in obedience to the statute in such case made and provided; that the contract for the purchase of the land had been fairly made, and the condition of the bond had been complied with on the part of the petitioner. Thereupon it was ordered and decreed, that the said Thomas Crimm, administrator, make title to the petitioner to the lands described in the petition.

Crimm's Adm'r v. Townsend.

P. MARTIN and B. W. HUNTINGTON, for the plaintiff in error, cited Clay's Dig. 157, § 38 ; Samuels v. Findlay, 7 Ala. Rep. 635.

No counsel appeared for the defendant.

COLLIER, C. J.—The statute under which this proceeding was had, enacts, that "where any person owning lands or tenements, shall sell the same, and enter into bond, or obligation to make titles thereto, and shall depart this life without having made titles, in that case, the person to whom such bond or obligation was given, his executors or administrators may petition the Orphans' Court of the county, where probate of the will of such deceased person was taken, or letters of administration granted, to compel the executors or administrators to make title agreeably to the bond, or obligation, given by the decedent : and it shall be the duty of such court to cause their clerk, or register, to cause notice of such petition to be published in some newspaper in this State, once a month for at least three months, when the court may, if they find that the said contract was fairly made, order the executor or administrator, to make titles as such, to the lands or tenements, sold by their testator or intestate ; and any executor or administrator refusing to comply with such order, may by such court be imprisoned for the contempt, until they will comply with the order of such court," &c.   [Clay's Dig. 157, § 38.]

The jurisdiction conferred upon the Orphans' Court by this enactment, is of a special and limited nature, and the course of procedure prescribed, not conformable to the practice ordinarily pursued, either at law or in Chancery.   To entitle the vendee of real estate, who holds a bond for title, to avail himself of its provisions, he should show by his petition such a state of facts as indicate that he comes within the category intended to be provided for.   This principle has been so often asserted in respect to special and extraordinary jurisdictions, that it cannot be necessary to support it by authority.

Without stopping to scan with particularity the petition in the case at bar, we think it obviously defective in not alledging, that the administrator of Peter Crimm, deceased, deriv-

ed his authority by appointment from the Orphans' Court of Pickens. The statute is too explicit in its requirement to admit of controversy, that the personal representatives of a decedent must have received his letters testamentary, or of administration, from the court that is called on to decree the execution of titles. This conclusion is the clear result of what was said in Simpson v. Simpson, Minor's R. 33 ; Samuels v. Findlay, 7 Ala. R. 635.

The judgment of the Orphans' Court is consequently reversed.