## REYNOLDS' ADM'RS v. REYNOLDS' DISTRIBUTEES.

1. The statute which directs that commissioners shall be appointed within three months after the estate of an intestate has been reported solvent, to make distribution of the same, is not imperative on the orphans' court.

2. It is the duty of an administrator, to collect the debts due the estate he represents, and when the assets in his hands, above what is necessary to satisfy the demands of creditors, consist of notes, a decree should not be rendered by the orphans' court requiring their distribution, where some of the distributees are in their minority, although the latter are represented by guardians.

3. Where a person entitled to the distributive share of an estate dies previous to distribution, his personal representative must be brought before the orphans' court, on the final settlement with the administrator, although the distributee was an infant at the time of his decease.

4. The orphans' court has no authority to impannel a jury to ascertain a disputed fact, save only where there is a contest about a will, and one or two other special cases; unless there is a doubt in relation to the controverted fact, which requires a cross examination to elicit the truth. And in a case not coming within the exception, the necessity for a jury must appear on the record, by setting out the testimony. so as to enable an appellate court to revise the order directing a jury to be impanneled.

5. Where an administrator, under an honest claim of right, omits to return a slave in the inventory as a part of the testator's estate, he should not be

charged with her value; but if his claim is unfounded, she should be brought into the distribution, and if necessary a sale of her should be ordered.

6. When a jury has been irregularly impanneled by the orphans' court, to try whether a slave was the property of an administrator in his own right, or assets of the estate, and a verdict returned against the administrator, ascertaining the value of the slave, his consent that a judgment should be entered in the form in which the finding of the jury was expressed, is not a waiver of the irregularity, but a mere agreement that the court may, in conformity to the verdict, declare that the slave was assets of the estate, and the value such as the jury had assessed.

7. Where an administrator, in the performance of his duty causes advertisements to be printed in newspapers, he should be allowed on the settlement of his accounts the charges for printing.

Writ of Error to the Orphan's Court of Coosa.

THIS was a proceeding in the court below for the distribution and final settlement of the estate of the intestate of the plaintiffs in error. The facts of the case are sufficiently shown in the opinion of the court.

J. A. ELMORE and L. E. PARSONS, for the plaintiffs in error, made the following points:   1. The order appointing commissioners to distribute the estate and assets of the intestate is irregular in directing distribution to be made of the debts which have not been collected by the administrators. [Clay's Dig. 196, § 22; 1 Ala. 594; 9 Id. 330.]   2. It appears from the record that one of the distributees died previous to the order appointing the commissioners; as it respects his interest, no distribution could be made, until administration had been granted upon his estate. [6 Ala. 607; 7 Id. 9.]   3. The record does not show the existence of such a state of facts as authorized the orphans' court to submit to a jury the determination of the fact, whether the slave Sylva was a part of the intestate's estate, and should have been embraced in the inventory; consequently the verdict upon this issue should not have been made the basis of a decree against the administrators. [9 Ala. 330.]   4. If the issue was allowable, it was irregular to charge the administrator with the va-

lue of the slave, as no conversion was shown—she should have been sold, and the proceeds distributed, if an equitable distribution could not have been otherwise made. [2 Por. 328, 341.]

W. W. Morris, for the defendant in error. Francis Reynolds, the deceased distributee, died in infancy, his estate consequently cannot be presumed to be chargeable with debts; it must therefore be taken to have vested in his heirs, and no administration was necessary to authorize the orphans' court to settle with the administrators. [Clay's Dig. 168, § 2; 191, § 1.] The proceeding in respect to the slave, Sylva, to ascertain whether she belonged to the intestate's estate, &c. was not opposed to the law, although it may not have been directed by it. [2 Porter, 328.] There is nothing in the record to show that the administrators have been prejudiced by the action of the orphans' court; in fact the reverse is inferable, and they cannot be heard to complain. [9 Ala. 470, 731.]

COLLIER, C. J.—The statute directs that commissioners shall be appointed within three months after the estate of an intestate is reported solvent, to make distribution of the same among the persons entitled to it : "*Provided*, that when such division and distribution cannot be equitably effected without manifest injury to the legatees, or other legal representatives, in that case such estate shall be exposed to public sale as heretofore." Clay's Dig. 196, § 22.

It is recited in the order appointing commissioners in the case at bar, that the aggregate of the estate of the intestate to be distributed, amounts to $6,680 52½, "all being notes, the proceeds arising from the sale of said personal estate, except $659 of said effects, to be reserved to the said administrator, to discharge certain supposed existing debts against said estate. The commissioners reported that they had distributed the property mentioned in the order appointing them; specially stating how much was set apart to the widow, and each of the distributees. This report was confirmed by the

129

Judge of the orphans' court, and ordered to be recorded as a partial settlement of the administration. All these proceedings, we think, were irregular. It is certainly a prominent duty of an administrator to collect the debts due the estate he represents, and though it may be competent to direct him to make partial settlements and partial distributions, as the assets may be realized, yet he should not be divested of the notes, and evidences of debt, of which the law makes him the proprietor, for the benefit of others. He is entitled to receive the money if voluntarily paid, and must sue on them if legal coercion is necessary to recover it. Although the statute prescribes a time when commissioners shall be appointed, and distribution made, yet it cannot be regarded as imperative; but it must be so construed as to require distribution in the event that the estate is in a condition to distribute. [Leavens v. Butler and wife, 8 Port. Rep. 380.]— Whether, if all the distributees had attained their majority, and were capable of binding themselves by their own acts or assent, a distribution of the credits aad choses in action of the estate, at their own instance, would not be unobjectionable, we need not inquire. Here it is apparent from the record, that some, if not all the distributees, except the widow, are in their minority; and the latter at least cannot be foreclosed by their own consent; nor can their guardian receive their shares of the estate in claims upon third persons due the administrator. Each distributee is entitled to share equally in the estate of the deceased relative; and this result can only be insured by distributing the money due upon notes and other choses, after it shall have been collected. For though it may be supposed by the commissioners that they are all collectable, yet it may so happen that in this they will be mistaken, and the shares of some be greatly diminished. If they shall consider some of the choses as more likely to be paid than others, their authority cannot permit them to take this into the estimate, and allot to those who receive the best paper a smaller amount nominally.

2. In Boyett, et al. v. Kerr, 7 Ala. 9, it was held, that in order to make a valid decree for the final settlement of an estate, every party entitled to distribution must be brought in some way before the court. When persons entitled

to distribution under a will, die before a settlement, it is necessary that their personal representatives should be before the court at the final decree. And this seems to be the law in cases of intestacy, although the deceased distributee died in infancy. [Miller v. Eastman, et al. at this term.] In the case at bar, it is distinctly shown, that Francis Reynolds, one of the distributees, was dead, and it is not pretended that administration was ever granted upon his estate, but the court proceeded as if his share passed to his brothers and sisters.

3. With the exception of contested wills, and one or two other cases unlike the present, the orphans' court has no power to impannel a jury to ascertain a disputed fact; unless there is a doubt in relation to it requiring a cross examination to elicit the truth. And in such case the necessity for impanneling a jury must appear by setting out the testimony in the record, so as to enable an appellate court to revise the order. Such was the decision of this court in this court in Willis' Adm'r v. Willis' Heirs, 9 Ala. Rep. 330. In the case before us the record does not disclose the facts, so as to show affirmatively that the issue was rightly submitted to a jury, and the case cited will not allow us to intend that this authority was exercised correctly.

4. If there was no conversion of the slave, but she was omitted from the inventory under an honest claim of right the administrators should not be charged with her value; but she should be brought into the distribution, and if necessary the court may have directed her sale. The consent of the administrators that the court should render a judgment in the form in which the jury returned a verdict, we do not understand to be a waiver of the irregularity of the proceeding. It amounts to nothing more than an agreement that the court may, in conformity to the verdict, declare that Sylva was the property of the intestate's estate, and that her value was that ascertained by the jury. But cannot be construed into an assent to be chargeable to the estate for her value, as so much cash, though the orphans' court seem to have proceeded upon this hypothesis.

If the administrators, in the performance of their duties, caused advertisements to be published in newspapers, the charges of printers should be paid by them from the assets of the estate, and upon the settlement of their accounts should be allowed by the orphans' court. The decree in distributing all the assets, and then adjudging that the administrators should pay the bill for advertising in newspapers, fixes a personal liability upon them, whatever may have been the intention of the court. Whether this error could be here corrected by abating from the distributive shares *pro rata*, we need not inqure, as it is abundantly shown, that the decree is in other respects erroneous. It results from what has been said, that the decree of the orphans' court must be reversed, and the cause remanded.