DRIVER, Adm'r, vs. HUDSPETH.

1. To authorise the vendee of real estate, who holds the bond of the deceased vendor, to proceed in the Orphans' Court to compel the personal representative to make him a title, it is necessary that the petition should disclose that the deceased was the owner of the land at the time of his death.

2. In proceedings on a petition by the vendee of real estate to compel the personal representative of a deceased vendor to make him a title, the Orphans' Court has no power to impannel a jury, unless a real doubt arises as to some disputed fact; and in such case the testimony showing the necessity for so doing must be spread upon the record.

3. A vendor of land, who has executed his bond, conditioned to make title upon the payment of the purchase money, has a lien on the land until such payment is made, and the vendee must show that he has an equitable right to the land, freed from such lien, before the Orphans Court can decree that the legal title be conveyed to him by the personal representative of the vendor. Such a lien is regarded in the nature of a mortgage, and the fact that the notes given for the purchase money are barred by the statute of limitations does not destroy it.

4. A receipt for money is only *prima facie*, not conclusive evidence of the fact recited in it, and may be contradicted by oral testimony.

Error to the Orphans' Court of Chambers county.

Allison & Andrews, for plaintiff:

1. The petition is insufficient—it should have alleged the title to have been in Vann, at the time of his decease; such a state of facts should be stated as will bring the party within the statute; therefore it is necessary to state the title to have

been in the deceased vendor to give the court jurisdiction. Clay's Digest, 157 § 38; Simpson v. Simpson, Minor Rep. 33; Crim's adm'r v. Townsend, 9 Ala. 403.

2. The submitting the cause to the determination of a jury in this case was error. Willis' adm'r v. Willis' heirs, 9 Ala. Rep. 330; Brazeal's adm'r v. Brazeal's distributees, 9 Ala. Rep. 496; Reynolds' adm'r v. Reynolds' distributees, 11 Ala. Rep. 1027.

3. The charge asked of the court should have been given: 1st. Because the statute of six years (if it applied in this case) is only a bar to a recovery on the notes but *is not an extinguishment* of the demand. 2d. The payment of the purchase money was secured by a condition precedent, contained in the bond for titles, which could not be affected by the statute of limitation until all remedy would be lost on the bond. See in support of the first proposition, 1 Ala. Rep. 744, in the case Duval's heirs v. McLosky.

4. The charge given was erroneous, because the receipt was liable to explanation, and would have been only *prima facie* evidence of payment, had its execution been proved, and may be explained by parol. Gayle v. Randal, 1 Stewart Rep. 529; Kirksey v. Bates, 1 Ala. Rep. 303.

No counsel for the defendant.

CHILTON, J.—The petition in this case avers that Hudspeth, the petitioner, purchased the land from Vann, and received his title bond by which Vann covenanted to make title when the purchase money was paid, or when he should procure a patent from the United States. It is wanting in one essential averment, to wit, that Vann was the owner of the land, to which the party prays the court to order the administrator to make title. The act provides that "when any person *owning* lands or tenements, shall sell the same, and enter into bond to make titles," &c.—Clay's Digest, 157, § 38. This statute confers upon the Orphans' Court, a limited and special jurisdiction, and marks out the course to be pursued, and no one can successfully invoke this extraordinary remedy, unless he brings himself within the category for which provision is made. The Orphans' Court has not, like the Court of

Chancery, the power, when the title is not in the obligor in the bond, to bring before it those holding the legal title, so as to decree a divestiture of their title, and vest the same in the purchaser. It can only act upon a case which comes within the terms of the enactment, and as to cases not provided for, the parties must resort to chancery. Minor's Rep. 33; 9 Ala. Rep. 403. We should not however, reverse the cause upon this ground, inasmuch as the counsel, though they have argued it, have not assigned the ruling of the court upon the sufficiency of the petition as error. We proceed, however, to remark, that in the matter of the bill of exceptions which is assigned for error, the Orphans' Court Judge clearly misconceived the law. The statute, under which this proceeding has been instituted, was passed in 1812, before the Orphans' Court had power to summon a jury to try questions of fact, and seems by its terms to contemplate that the judge shall investigate the facts of the petition, and "if he shall find the contract was fairly made" &c., order the administrator to convey. But conceding that by the act of 1821, (Clay's Digest, 303 § 32,) the court has the power to summon a jury in cases of this kind, still the necessity of its exercise must, according to the previous adjudications of this court, affirmatively appear of record. In Willis' adm'r v. The heirs of Willis, 9 Ala. Rep. 330, it was said, "the statutes do not justify the Judge of the Orphans' Court in declining, or refusing to decide any question of fact which may arise, unless a real doubt exists as to the existence of the fact." The practice to be pursued by the Orphans' Court when a jury is impanelled, in cases not specially provided for, is sufficiently pointed out in the case last refered to, and requires no further comment.—See also Reynolds' adm'r v. Reynolds' distributees, 11 Ala. Rep. 1023. The record before us shows no reason why the aid of a jury was called in, and the judgment upon their verdict is erroneous.

It will be unnecessary to notice the charges given to the jury, further than to remark that the statute evidently contemplates that the purchaser must have paid for the land, the title to which he prays may be decreed him, unless the bond otherwise provide, before the court can pass the decree that the administrator convey. True, the statute is general in its terms, and says nothing about the purchase money, but it is clear

the Legislature did not intend to divest the estate of the deceased vendor of the equitable lien which attached for the purchase money. We are of the opinion that the petitioner must show that he has an equitable right to the land, freed from such lien, before the court should decree that the legal title be conveyed to him. If then, in this case, the bond provided for the payment of the money, before the vendor was compellable to make title, and any of the notes executed in consideration of the sale remain unpaid, the court should have refused the order which was prayed for. The fact that the notes were barred by the statute of limitations does not destroy the lien, which is regarded in the nature of a mortgage. If the vendor, whose notes are barred, or his heirs after his death, should bring ejectment to recover the land, and thus drive the purchaser into a court of equity to enjoin the action, it is very clear to my mind that the court of chancery would not interfere until he had paid up the purchase money, the remedy to recover which, at law, had been barred by the statute of limitations. The court of equity would not decree a specific performance in favor of one who withholds the compensation he stipulated to pay, upon the ground that the legal remedy to recover it is barred. The vendor is not bound to sue upon his note, but may rest upon the security furnished by his lien—such is the doctrine fairly deducible from the decision of Doe, *ex dem.* Duval's heirs v. McLoskey, 1 Ala. Rep. 708–744.

As to the receipt of payment endorsed on the bond, it is *prima facie* evidence of the fact, but not conclusive, and the fact of payment which it recites may be contradicted by oral testimony. 1 Greenl. Ev. 446, § 305; 1 Stew. 529; 1 Ala. Rep. 303.

It results from what we have said, that there is error in the proceedings, and the decree is consequently reversed, and the cause remanded.