## RELFE vs. RELFE.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Vendor's lien not barred by statute of limitations.*—A vendor's lien for the un-paid purchase-money of land, under a parol executory contract of sale, is not lost or destroyed because the statute of limitations has effected a bar against an action at law to recover the purchase-money.

2. *Nor affected by staleness of demand.*—A bill in equity, to enforce a vendor's lien for the unpaid purchase-money of land, cannot be considered a stale demand, when filed within less than twenty years after the sale.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed on 6th March, 1858, by Montgomery S. Relfe, against his brother, Blakely J. Relfe, and the personal representatives and heirs-at-law of his deceased brother, Decatur J. Relfe. It alleged, that the complainant, in 1846, sold to his said two brothers, by verbal contract, his undivided one-third interest in a tract of land which belonged to the three jointly; that by the terms of said contract, possession of the land was to be delivered on the 1st January, 1846, and the pur-chase-money was to be paid in three equal annual install-. ments, on the 1st January, 1847, 1848, and 1849, with interest from the 1st January, 1846, said Blakely and Decatur each to pay one half; that possession was deliv-ered pursuant to the terms of the contract; that the land was afterwards divided, by agreement, between the said Decatur and Blakely, and each went into possession of one-half; that the said Blakely paid one-half of the pur-chase-money, but the said Decatur J. Relfe died "about the last of the year 1853, having never paid any portion of the purchase-money due from him;" that the com-plainant "indulged the said Decatur in the payment of said money, because he was not particularly in need of it, and did not desire to press him, being his brother;" and that said Decatur cultivated said land up to the time of

his death, and removed certain improvements, which were on the land when he bought it, to some other lands belonging to him. The prayer of the bill was, that the unpaid purchase-money might be ordered to be paid by the executor out of the personal assets which might come to his hands, if sufficient; that if the personal estate should prove insufficient, " the said real estate be then sold to pay the same, and the vendor's lien be enforced;" and the general prayer, for other and further relief, was added.

The defendants demurred to the bill, on the following specified grounds: " 1st, because it contains no equity; 2d, because complainant's remedy is barred by lapse of time and the staleness of his demand; 3d, because his right to relief is barred by the statute of limitations of ten years; and, 4th, because his right is barred by the statute of limitations of six years." The chancellor sustained the demurrer, and dismissed the bill; and his decree is now assigned as error.

J. F. CLEMENTS, for the appellant.—1. A vendor's lien for the unpaid purchase-money of land, under an executory contract of sale, has all the incidents of a mortgage. 1 Hilliard on Mortgages, 613; Magruder v. Peters, 11 Gill & John. 229; Lingan v. Henderson, 1 Bland, 282.

2. A limitation which is sufficient to bar the personal claim of the vendor, will not bar his lien for the purchase-money.—Driver v. Hudspeth, 16 Ala. 384; Lingan v. Henderson, 1 Bland, 282; Magruder v. Peters, 11 Gill & John. 229; 14 Ark. 628; Belknap v. Gleason, 11 Conn. 160.

3. The complainant's right to relief was not barred by lapse of time, or the staleness of his demand. Lapse of time, to constitute a bar in equity, is usually put at twenty years.—Byrd v. McDaniel, 33 Ala. 18. When the bill was filed, the statute of ten years had not barred a recovery of the land by action at law, if the vendor had chosen to resort to that remedy.—Seabury v. Stewart & Easton, 22 Ala. 207; Boyd v. Beck, 29 Ala. 703; 4 Cranch, 415; 6 J. J. Marsh. 158; 1 Harper's Ch. 164.

Moreover, delay is always susceptible of explanation, and is here sufficiently explained.—Angell on Limitation, 562, note; 1 Vesey, 51; 10 Leigh, 284; 4 Munf. 332; 1 Litt. 53.

BAINE & NESMITH, *contra.*—1. Under the facts alleged in the bill, an action at law to recover the purchase-money could have been maintained more than six years before the filing of the bill.—Gillespie v. Battle, 15 Ala. 276. When the remedies at law and in equity are concurrent, the statute of limitations applies alike in both forums. Maury v. Mason, 8 Porter, 211; Sims v. Canfield, 2 Ala. 555; Wood v. Wood, 3 Ala. 756.

2. Although a vendor's lien is said to have all the incidents of a mortgage, there is yet a clearly marked distinction between it and a mortgage. A mortgage is a conveyance by the party, while the lien is only a security built up by the law for the protection of the debt. This distinction is precisely the difference between express and implied trusts; and an implied trust, as to money or personal property, is barred in equity in six years.—Martin v .Br. Bank at Decatur, 31 Ala. 115; Tarleton v. Goldthwaite, 23 Ala. 346. The vendor's lien is nothing more than the assistance which equity gives to aid a legal remedy for the debt. It springs up from the debt, not so much to give a new right, as a new remedy; and when the right to recover the debt is gone, the lien has nothing to support it. This distinction is taken, and the above propositions clearly maintained, in the case of Trotter v. Erwin. 27 Miss. 776; and in Borst v. Corey, 1 Smith's R. (15 N. Y.) 507. See, also, Littlejohn v. Gordon, 32 Miss. 236. In Moreton v. Harrison, 1 Bland, 491, the chancellor attained a different conclusion; but the distinction above stated does not seem to have been considered by him, and the case was never carried to the court of appeals.

3. The complainant's claim to relief is barred by the staleness of his demand. At least two of the installments of the debt were due more than ten years before the bill was filed. The right to foreclose accrued upon the failure

to pay the first installment : the mortgage was then forfeited, and the bar commenced its operation from that time, although the last installment was not then due. Nevitt v. Bacon, 32 Miss. 227. The claim of a mortgagee is among that class of cases in which the doctrine of staleness is applied.—Angell on Lim. § 455. Reason, analogy and sound policy demand, that some period should be fixed, at which equitable claims shall be held, *prima facie*, barred by mere delay; and that period must be the time limited for the recovery of the subject-matter of the claim. The old decisions, fixing twenty years as the period of prescription for equitable demands relating to real estate, were made while that was the period within which an action at law might be brought for the recovery of land. But the same reasons which then demanded the establishment of that period, now that the limitation at law has been shortened by statute, demand a corresponding change in the equitable bar. The doctrine of staleness is founded on principles of public policy: the peace of society demands the discouragement of antiquated claims. These considerations apply with peculiar force to the facts of this case. The complainant allowed six years in the lifetime of his debtor, and five years after his death, to elapse before taking the first step for the recovery of his debt. He has not the slightest evidence of the debt which he seeks to enforce, except the original verbal contract ; and the only person adversely interested, who could explain the facts, is dead. After this lapse of time, if the debt was paid, the evidence of payment would probably be lost. To enforce his claim under such circumstances, in the face of his unexplained and unaccountable delay, when it is not pretended that there was ever any recognition of his debt, or any request for indulgence, would be a practical abrogation of the rule which requires diligence from suitors.

A. J. WALKER, C. J.—We approve, and are content to abide by, the decision in Driver v. Hudspeth, 16 Ala. 348, that the lien of a vendor, who has made an executory contract for the sale of land, is not destroyed, because an

action to recover the purchase-money is barred by the statute of limitations. The principle which preserves liens, notwithstanding the bar of the debt, is neither confined to those secured by a conveyance, as for example a mortgage, nor to those secured by a sealed instrument, nor even to those provided by an express contract. Thus the lien of a pawnee, of an attorney, or of an acceptor having a collateral security, survives the bar of the debt by the statute of limitations.—Aug. on Lim. § 73; Morse v. Williams, 3 Camp. 418. The principle is, that the statute of limitations does not extinguish the debt, but merely bars the remedy by action at law; and there is no inconsistency in the prosecution of another remedy after the action at law is barred.—Higgins v. Scott, 2 B. & A. 413.

The decisions in New York and Mississippi, cited for the appellee, take a different view of the question; and one of them refers the preservation of a mortgagee's lien, after an action is barred, to the fact that the mortgage is under seal, and therefore its enforcement is governed by a different statute of limitations; and the other, that the mortgage is separate and distinct from the debt, and a more solemn acknowledgment of and security for the debt, while the vendor's lien is a mere incident to the debt inferred by the law. These decisions are not, in our judgment, correct expositions of the law. The lien of a vendor and a mortgage are alike—in the same sense, and to the same extent—incidents of the debt. They are alike transferred by an assignment of the debt, and neither can survive the extinguishment of it; and the vendor and mortgagee alike have independent remedies, by taking possession, and by proceeding in chancery for a sale to pay the debt. The decision of this court is supported as well by authorities as by principle.—Hopkins v. Cockrell, 2 Grat. 86; Reed v. Minell, 30 Ala. 61; Cross on the Law of Lien, 13, (34 Law Library); ib. 355; Spears v. Pently, 3 Esp. 81; 2 Parsons on Con. 379; Bradford v. Spyker's Adm'r, 32 Ala. 134; Morton v. Harrison, 1 Bland, 491; 1 Hilliard on Mortgages, 656; also, authorities upon brief of appellant's counsel.

[2.] So far as the question of staleness, as well as most other questions, is concerned, the vendor of land stands precisely as a mortgagee. We have decided, after careful consideration, that the possession of the mortgagor is not adverse to the mortgagee; and that the mortgagor can not invoke the analogy of the statute of limitations, in the absence of a holding positively hostile to the mortgagee, to defeat a bill to foreclose.—Bird v. McDaniel, 33 Ala. 18. We must adopt the same principle in reference to a vendor's bill to enforce his lien. If the vendee is regarded as holding under the vendor—if his possession is the possession of the vendor—it would be a violation of all precedent and principle to allow the acquisition of title by lapse of time. It would be like making lapse of time the origin of title in the tenant against his landlord. The law is well settled, that the only doctrine available to the mortgagor, who holds in subordination of the mortgage, is the presumption of payment after the lapse of twenty years.—Angell on Lim. §§ 452–53; 1 Hilliard on Mort. 473; 2 ib. 505, chap. 26; Christopher v. Spark, 2 Jac. & W. 233; 1 Powell on Mort. 396 a, and 397, and note.

We conclude, that none of the objections made in the argument of counsel to the equity of the bill are maintainable; and we direct that the chancellor's decree be reversed, and the cause remanded.

STONE, J., not sitting.