## Casey *et al. v.* Morgan *et al.*

### Statutory Real Action.

1. *Adverse possession; when purc¹ aser of lands at executor's sale does not hold.* When, at a sale of lands made by an executor under orders of the Probate Court, a conveyance is made to the purchaser, without a report or confirmation of the sale, without a report that the purchase-money had been paid, and without an order of the court to make titles, such a conveyance will be ignored, and the purchaser does not hold adversely, so that his possession will ripen into a title by the expiration of ten years.

2. *Heirs; no defense to suit at law by administrators to recover lands that heirs have received purchase-money.*—It is not a defense to an action at law, brought by administrators to recover the lands of the estate, that the heirs were present at a sale of the lands made under the orders of the Probate Court, and had received their shares of the purchase-money, no deed having been made to the purchaser.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN HENDERSON.

On December 20, 1875, John T. Casey and Z. T. Acker, as administrators of the estate of Thomas White, deceased, brought this action against Thomas Morgan and Looney Sanford, to recover a tract of land in Cherokee county, Alabama. The defendants pleaded—1. *Ne unques administrator;* 2. Not guilty; 3. Statute of limitations of ten years; 4. That the land was sold by the executor of T. White's will, and the heirs had received their distributive share of the

[Casey et al. v. Morgan et al.]

proceeds of sale, and had receipted therefor. A demurrer, which was interposed to the fourth plea was sustained. On the trial, the plaintiffs proved that Thomas White resided on the land sued for, and claimed it as his own for seven or eight years prior to his death, which occurred in 1843 ; that after his death his widow and his family occupied the land until 1863 ; that they were appointed administrators *de bonis non cum testamento annexo* of Thomas White in 1875 ; that in February, 1866, Wm. White, one of the former executors who sold the land in controversy, petitioned the Probate Court, as such executor, to set aside a settlement of the estate made at a former term of said court, thus showing that said White then recognized his trust as such executor. The defendants introduced the record of the probate of Thos. White's will, and the record of an order made by the Probate Court on May 25, 1863, allowing W. C. White, as the executor of the will of Thos. White, to sell the lands sued for on a credit of twelve months, with interest from date, and requiring a return to the court. On September 8, said White filed what purports to be a return of the sale of real and personal property sold by him as executor, in which is the statement as to the sale of the land, which is set out in the opinion of the court. Defendants introduced H. Sanford as a witness, who testified that Geo. White and W. C. White, executors of Thomas White's will, sold the land sued for in September, 1863, to A. O. Stewart under the said order ; that a deed, which witness wrote, was made by said executors to said land, and that a day or two afterwards, said Stewart made a deed to W. C. White, conveying the same lands to him. There was no change in the possession of the lands. Stewart rented them to a son of W. C. White, and did not take possession of the land up to the time when it was sold in bankruptcy, as the property of said W. P. White ; that many of the heirs were present when the lands were sold, and bought personal property at the same sale, and did not set up claim to the lands ; that White admitted that Stewart bought the land for him, and that the purchase was for his benefit. The court charged the jury : "If the jury believe the said W. C. White, and those claiming under him, had been in the adverse possession of said lands under said sale continuously for ten years prior to the commencement of this suit, plaintiffs cannot recover ; that plaintiffs are barred by the statute of ten years ; that during the war, and up to the 21st day day of September, 1865, we had no statute of limitations, and at that time the statute was in force, and that the statute of limitations began to run, if it run at all, on the 21st day of September, 1865 ; that the right of the heirs of

[Casey et al. v. Morgan et al ]

Thomas White, deceased, to sue for said lands accrued at the sale of said lands by said executors in September, 1863. To which charge, and each part and parcel thereof, plaintiffs excepted." The plaintiffs requested the court to charge the jury as follows : 3. "If the jury believe from the evidence that William White procured Mr. Stewart to bid off said land for him, and that White executed a deed to said land, and Stewart immediately, on the same day, or the day afterwards, executed a deed to said land to White, that Stewart never went into possession of said lands, and that White continued to rent out said land, and this is all the evidence going to show notorious hostile possession, and adverse to the heirs, then the jury must find for the plaintiffs." 4. "If the jury believe from the evidence that Wm. White sold said lands as the executor of the estate of Thomas White, and procured Mr. Stewart to buy in said lands for him, and White executed a deed to said land to Stewart, and on the day of sale, or the day afterwards, Stewart executed a deed to said land to White, and that Stewart never went into possession of said land, and the only evidence of a notorious, adverse, and hostile possession by White, against the estate, and the heirs of the estate, is the fact that White, although he never went into possession of said land, but rented it out, and the fact that he reported to the Probate Court that Stewart was the purchaser, then this is not enough to constitute a notorious, hostile, and adverse possession in White, unless the evidence further shows that the estate, or heirs thereof, knew such possession to be the intention of White, or that he communicated his hostile holding to the estate or heirs thereof." 5. "That White being an executor of the estate, could not by mere possession of the lands, having obtained it as the evidence shows he did, constitute in himself an adverse and hostile possession of the land, unless the proof shows he communicated to the heirs that he intended such possession to be hostile to them and the estate, or the estate or heirs derived a knowledge of such hostile and adverse possession and intention of White from some other facts shown in evidence." 6. "The burden of proof to show an adverse possession in this case is upon the defendants, and if the evidence in this case fails to satisfy the jury that there was such an adverse possession, then the verdict must be for the plaintiffs." These charges the court refused to give, and plaintiffs excepted. There was a verdict for defendants, and plaintiffs bring the case to this court, and assign the charge of the court, and its refusal to give the charges asked, as error.

M. J. TURNLEY, and DENSON & DISQUE, for appellants.—The

title to the land was never divested out of the heirs of White, for the sale was not confirmed, and there was no conveyance ordered by the court.—*Doe v. Hardy*, 52 Ala. 291 ; *McCullough v. Chapman*, 28 Ala. 125. There was no evidence that the purchase-money of the land had been paid. White was acting as administrator in 1866, and the ten years had not elapsed from that time until this suit was brought, and it is manifest he could not, while acting as executor, set up an adverse holding in himself against the estate. All the charges should have been given. The court has the right to tell the jury what facts do or do not constitute adverse possession, and the jury determine whether the facts exist ; and the burden of proving adverse possession was on the defendants. Adverse possession will not be presumed, but must be made out by clear and positive proof.—*Herbert v. Hanrick*, 16 Ala. 581 ; *Jackson v. Berner*, 48 Ala. 203. The statute of limitations could not run until some one was appointed administrator, and no one was appointed until February, 1868. *Hoffer v. Steele*, 18 Ala. 828 ; *Dawson v. Lay*, 24 Ala. 184; *Wyatt v. Rambo*, 29 Ala. 510. The general charge invaded the province of the jury in not permitting them to say when the statute of limitations commenced to run, and it was for the jury to say when the adverse possession commenced.

McCONNELL & SAVAGE, for appellee. (No brief on file).

STONE, J.—All the parties to this suit must be held estopped from disputing Thomas White's ownership and title of the lands in controversy at the time of his death in 1843. Under the terms of his will, his widow had a life estate in the lands, which she enjoyed. She died in 1863. The will confers power on the executors to sell the land, after the termination of the life estate, for division among the testator's children, heirs at law. The executors appear not to have acted under this testamentary power, but they obtained from the Probate Court an order to sell the land on twelve months credit, and sold under this order, in the year 1863. Stewart became the purchaser at the price of $4,050, as is shown by a return made to the Probate Court by the executors, setting forth a sale of both personal and real property belonging to the estate. This return is not a report of the sale of the real estate, for it fails to set forth what security, or whether any, was exacted or taken from the purchaser. Its entire language relating to the land is, " 1 tract of land, 320 acres, Sw. ¼ Sec. 16 and Se. ¼ Sec. 17, T. 12, R. ——, to A. O. Stewart, $4,050." No action was had by the court on this return, except that it was sworn to before the judge of

probate. No report of sale was ever made, no report of pay-
ment of the purchase-money, and of course there was not,
and could not be any confirmation of the sale, or order to
make title to the purchaser. There is oral proof. but not
objected to, that on the day of sale—September 7, 1863—the
executors conveyed the land by deed to Stewart, and that
on that or the next day Stewart re-conveyed the lands to W.
C. White, one of the executors. W. C. White was in posses-
sion before, and at the time of the sale, and he continued in
possession until he became a bankrupt. The lands were sold
by his assignee in bankruptcy, and the present defendants
claim as purchasers under that sale.

The present suit is by administrators *de bonis non* of Thomas
White, with the will annexed, and was commenced December
20th, 1875. The defense relied on is the statute of limita-
tions of ten years. Ten years had not elapsed, after the sale
and conveyance by the assignee in bankruptcy. Hence, to
complete the bar, defendants must date their adversary hold-
ing from the sale and conveyance to Stewart. The sale was
made in 1863, while the statute of limitations was suspended.
It did not commence running until September 21st, 1865.
From that time till this suit was brought was ten years and
three months. The question, then, is, was Stewart's or
White's possession adverse, so as to ripen into a title in ten
years ? The conveyances, first to Stewart, and then back to
White, being made without report and confirmation of
sale—without report that the purchase-money was paid, and
without an order of court to make title, must be treated as if
no such conveyances had been made.—*Doe v. Hardy*, 52 Ala.
291; *McCullough v. Chapman*, 38 Ala. 325. Stewart, then,
and White after him, stood on no firmer ground than if they
had been executory purchasers, without any claim that a
conveyance had been made to either of them. They were
not adverse holders in that sense, which will ripen into a
title in ten years.—*McQueen v. Ivey*, 36 Ala. 308; *Collins v.
Johnson*, 37 Ala. 304; *Tayloe v. Dugger*, 66 Ala. 444. Several
rulings of the Circuit Court are in conflict with these
views.

It is urged by appellees that most, or all of the heirs of
Thomas White, deceased, were present when the lands were
sold to Stewart, and bought property at the sale ; and they
have received and enjoyed their part of the purchase-money
of the land. Whether that defense could be successfully
made in. any court against a suit by administrators, would
depend on the inquiry whether the lands were wanted for
the purposes of administration proper. But such defense
cannot avail in a suit at law for lands. It can only be in-

[Walker v. Radford ]

voked in equity.—*McPherson v. Walters*, 16 Ala. 714 ; *Elliott v. Br. Bank*, 20 Ala. 345.

For the errors pointed out above, the judgment of the Circuit Court is reversed, and the cause remanded.