# Allred v. Kennedy.

*Statutory Real Action in nature of Ejectment.*

1. *Verbal admission as to title to land.*—In ejectment, or the statutory action in nature of ejectment, both parties claiming through mesne conveyances from the same person, one of the plaintiff's deeds having been lost or destroyed, and the secondary evidence being conflicting as to the form and sufficiency of its execution, plaintiff's verbal admission that he never had any title to the land, or any interest therein, is relevant and competent evidence for the defendant.

2. *Same.*—So, although the mere return of a deed by the grantee to the grantor would not effect a divestiture of the title, the plaintiff may be asked "if he did not return the land papers to said C.," his vendor; the fact of such return being relevant to the question, whether they were not worthless as a conveyance.

3. *Agreement as to testimony of absent witness.*—When there is an agreed statement as to the testimony of a witness supposed to be absent, but who comes into court during the trial, the statement should be suppressed, if duly objected to, and the witness examined orally; but the objection is waived, if not interposed until after the statement has been read to the jury.

[Allred v. Kennedy.]

4. *Contents of transcript.*—The bill of exceptions reserved on a former trial being no part of the transcript on a second appeal, no costs will be allowed for it.

APPEAL from the Circuit Court of Cullman.
Tried before the Hon. LEROY F. BOX.

GEO. H. PARKER, and HAMILL & DICKINSON, for appellant, cited Tyler on Ejectment, 72; *Kelly v. Hendrix*, 57 Ala. 193; 1 Greenl. Ev. §§ 203, 96, 109, 461, 434; *Life Ins. Co. v. Walker*, 58 Ala. 290; *M. & C. Railroad Co. v. Maples*, 63 Ala. 606; *Peterson v. The State*, 63 Ala. 114; *Humes v. O'Bryan & Washington*, at the present term.

SOMERVILLE, J.—The action is one of ejectment, under the statute, brought by the appellant, as plaintiff in the court below, against the appellees. Kennedy and others, as defendants. Both parties claimed to have derived title from one Joseph Knighton, and the whole contention resolved itself into one as to the relative superiority of the two claims of title put in evidence before the jury. The several errors assigned arise exclusively upon the rulings of the Circuit Court on the evidence.

The first assignment is based upon the fact, that the court permitted the defendant to prove a *verbal* admission by the plaintiff, that he had never had any title, or interest in the land sued for. In this we think there was no error. The deed from Knighton to Clayton, which was a part of the plaintiff's chain of title, was proved to have been *lost*, or *destroyed*, and was not produced on trial. The evidence was conflicting, as to whether this instrument was so executed as to convey the legal title—one witness testifying that it was neither attested by witnesses, nor acknowledged before any officer authorized to take acknowledgments of conveyances. Whether we regard this parol admission as one involving a material matter of *fact* and of *law*, so mingled as to be incapable of separation, or as having reference to the contents of a lost instrument, it is equally free from objection. In either aspect, it would be clearly admissible as evidence.—*Shorter v. Shepherd*, 33 Ala. 648; 1 Brick. Dig. p. 835, § 436; *Lewis v. Harris*, 31 Ala. 689; 1 Greenl. Ev. § 97. There are several other exceptions of the same character appearing in the record, which must be overruled as not well taken.

2. The question propounded to the plaintiff, on cross-examination—"*Did you not turn the land papers back to Clayton?*"—was not irrelevant. It was not permissible, it is true, to prove this fact in order to show a change of title from the plaintiff to Clayton, who was his alleged vendor; for no such effect

[Jackson v. Bain.]

would be produced by turning the papers back to the grantor, even if proved. But it was competent to corroborate the theory, that the deed was so defectively executed as to convey no title to plaintiff; for, if cognizant of this fact, the plaintiff would be more likely to return the papers as worthless.

3. There was no error in the action of the court touching the witness Shaver, or the agreed statement as to his testimony. If this witness had been in court, or near at hand, when it was proposed by plaintiff's counsel to read his statement, it would clearly have been the duty of the court to compel the plaintiff to introduce the witness, instead of his mere statement, which would have become, in such case, only secondary evidence. In other words, the statement should, in such event, have been suppressed. But it is not clear from the bill of exceptions that the motion to suppress was made in time, or that it was not made after the defendant's attorney had finished reading the writing to which objection was taken.

We see no error in the other exceptions, and the judgment must be affirmed.

PER CURIAM.—No costs will be allowed the clerk of the court below, for copying in this record the bill of exceptions used on a former appeal to this court.