# Perry v. Lawson.

### Statutory Action of Ejectment.

1. *Adverse possession; void deed of married woman sufficient to give color of title.*—Although the deed of a married woman is invalid and inoperative to pass title because of the failure of her husband to join therein, yet it is sufficient to give color of title so as to render the possession of the grantee adverse.

2. *Same; possession under executory and executed contracts; lien for purchase money.*—Possession of land under an executory contract of purchase is not adverse, in the absence of a clear repudiation of allegiance, brought to the notice of the vendor, until the terms of the purchase have been fully complied with; but possession under an executed conveyance is adverse from the delivery of the paper purporting to convey title, although a vendor's lien may exist for the unpaid purchase money; and this is true, though the deed so delivered is invalid and ineffectual to convey the title.

3. *Same; continuous possession; residence and abandonment; conflict of evidence.*—Residence is not essential to possession, which may be maintained by inclosure and cultivation or by inclosure without cultivation; and where there is a conflict in the evidence as to whether the possession had been abandoned, the question should be submitted to the jury.

4. *Same; abandonment; facts of this case.*—Where a person enters on land under color of title, and cultivates the land, except for one

year, during which he pastured it, and keeps up the farm fences, he cannot be said, as a matter of law, because no one actually resided on the land, to have abandoned the possession.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was a statutory action of ejectment, brought by the appellee, Mildred C. Lawson, against the appellant, Abner J. Perry, to recover certain lands specifically described in the complaint, and was instituted on March 19, 1895. The defendant pleaded the general issue and the statute of limitations and adverse possession for ten years. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error, among other rulings of the court, the giving of the general affirmative charge in favor of the plaintiff, and the rendition of judgment against the defendant.

APPLING, McGUIRE & APPLING, for appellant.—"The possession of lands under an executory contract of purchase is not adverse to the vendor so long as the purchase money is not paid, or until by the terms of the agreement the vendee is entitled to demand a conveyance of the legal title."—1 Amer. & Eng. Encyc. of Law, 798. "And it would seem that a deed to land by one who, although the owner, lacks the legal capacity to convey, may give color of title." Hence it would seem that a deed from a married woman may give color of title to the grantee.—*Sanborn v. French*, 22 N. H. 246; *Wright v. Kleyla*, 104 Ind. 223; *Hunter v. O'Neal*, 4 Baxt. (Tenn.) 494.

PEYTON NORVELL and W. H. SMITH, Jr., *contra.*—The court did not err in giving the jury the general affirmative charge in favor of appellee for all the land sued for. Appellant, as proof shows in the bill of exceptions, claimed under title derived from appellee to all the land in controversy, this established title in appellee to all the land sued for, and a title appellant is estopped to deny. *Elliott v. Dycke*, 78 Ala. 150.

To establish title founded on ten years adverse possession, so as to bar the title of the legal owner, the pos-

session must have been hostile, actual, notorious, and continuous under color of title.—*Eureka Co. v. Norment*, 104 Ala. 625; *Elyton L. Co. v. Denny*, 108 Ala. 553. The possession must be by acts suitable to the character of the land, and being such it matters not what is its purpose.—*Bell v. Denson*, 56 Ala. 449; *Hughes v. Anderson*, 79 Ala. 215; *Eureka Co. v. Norment, supra.*

HEAD, J.—The only meritorious question for decision in this case upon the trial was, whether the appellant—defendant below—had acquired title to the lands sued for, by adverse possession for ten years. The circuit judge held, as a matter of law, upon the evidence, that the defendant had failed to establish the acquisition of a title in that way, and, accordingly gave the affirmative charge for the plaintiff. The evidence, if believed, established, without conflict, that in January, 1885, one Handley obtained possession of the lands in controversy from the plaintiff, a married woman, under a verbal contract of purchase, and that on the 10th day of March, 1885, just ten years and nine days before the institution of this suit, she executed a deed to him, with covenants of warranty, purporting to convey the title, and in all respects formal and regular, except that her husband did not join as a grantor. From the date of that instrument, according to the undisputed evidence, Handley occupied and cultivated the lands, claiming under the plaintiff's conveyance, until he sold and conveyed to the defendant, to whom he surrendered the possession on the 8th day of January, 1889. The claim of the defendant—appellant here—was and is, that thereafter he had continuous adverse possession, claiming under Handley's conveyance to him, and under the plaintiff's conveyance to Handley, up to the institution of this suit, a period of time, which added to the previous holding of his vendor, sufficed to complete the necessary term of ten years. The contentions of the plaintiff are: (1), that it cannot be said that Handley held adversely to her until he paid the purchase price, which he admits he paid out of the crops grown on the place after the date of her deed, and within ten years before the suit was brought; and (2), that the undisputed evidence showed the defendant had abandoned his possession, whereby its continuity

was broken, before ten years of adverse holding had elapsed.

1. The instrument, by which the plaintiff undertook to convey her lands to Handley, was inoperative to pass the title for the reason that her husband did not join as a grantor. It nevertheless served to give color of title, and to turn into an adverse holding that which had been a recognition of the plaintiff's title.— *Wright v. Kleyla,* 104 Ind. 223 ; *Ladd v. Dubroca,* 61 Ala. 25. Where a party holds under an executory contract of purchase, his possession does not become adverse to his vendor, in the absence of a clear repudiation of his allegiance, brought home to the vendor, until he becomes entitled to a conveyance, by paying the purchase money, or otherwise complying with the conditions of the purchase. This rule, however, does not apply where a conveyance has been executed, under which, and not under the executory contract, the vendee continues to hold and claim the lands. This is true, although the purchase money, for which a vendor's lien would exist, has not been paid. If the purchase price be due, when the conveyance is delivered, the statute of limitations would begin to run against it, in favor of the vendee ; and his adverse possession of the land, his holding under claim of ownership, although he might recognize the existence of a lien or charge upon it, would begin from the delivery of a paper, purporting to convey title, if he thereafter held and claimed under such paper. When the plaintiff delivered to Handley her deed, substituting that for the prior executory contract, of necessity, notice was brought home to her that he no longer recognized her title that his holding under the contract of purchase terminated, and that, thenceforth, his possession was referable to his claim of ownership, under his color of title. That his muniment of title was ineffectual to transfer the ownership would not prevent his possession from being adverse. If the jury believed the evidence, they were authorized to reckon the adverse possession, of which the defendant may avail himself, from March 10th, 1885.

2. There was a decided conflict between the testimony of the defendant and that of the witness, Richardson, on cross-examination, presenting issues of fact, which were within the province of the jury, and not of

the court, to determine. If the defendant's testimony were true, it could not be affirmed as matter of law, that the continuity of his possession had been broken prior to the expiration of the term of ten years. The court should have submitted the question to the jury. In giving the general charge for the plaintiff there was error. If the defendant during the years 1893 and 1894, evacuated the place, turning it into a common and suffering it to go to wreck, whereby his adverse claim and possession against the holder of the title was withdrawn, leaving no *indicia* of a continuing possession, this would be an abandonment of his possession. The defendant, however, testified that he cultivated the lands which were inclosed, every year, including 1894, except the year 1893, during which year he pastured them; that the plaintiff had never resumed possession of any of the lands, after giving her deed; that he had kept the State and county taxes paid up in full on said lands every year from the date of his purchase from Handley till the time of the trial; that, while no one actually resided on the place except in 1890 and 1891, when his tenant lived there, yet the dwelling house remained there, and he kept up the farm fences, except at times they became low and out of repair, but at no time were the fences allowed to go entirely down; that he had at all times cut and used timber from the woodland on the premises. If the jury believed this evidence, they were authorized to find there was no abandonment, but a continuous possession. Residence is not essential to possession. It may be maintained by inclosure and cultivation, and even by inclosure without cultivation. *Stephens v. Leach*, 19 Pa. St. 262; *Susquehanna, &c., R. R. & Coal Co. v. Quick*, 68 Pa. St. 189; 1 Am. & Eng. Encyc. of Law, (2d ed.), p. 841.

We need not notice the rulings upon the objections to the Carrodine deed and the certified copy thereof. The defendant was not in a position to question that the plaintiff had the title, when she delivered possession to his vendor. The sole question in the case is whether he has acquired that title by adverse possession. The decision of the jury upon this question of fact, will control the result of the case.

For the error in giving the general charge for the

plaintiff, let the judgment be reversed, and the cause remanded.

Reversed and remanded.