# Southern Railway Co. *v.* Cleveland, *et al.*

*Trespass to Land.*

(Decided Nov. 17, 1910.   53 South. 767.)

1. *Trespass; Damages.*—In trespass to land the measure of damages is the difference in the value of the land immediately before and after the trespass.

2. *Same; Instructions.*—Where the complaint alleged a single trespass and the evidence disclosed a series of trespasses without show-

[Southern Railway Co. v. Cleveland, et al.]

ing damage from any single trespass, the defendant was entitled to an instruction that only nominal damages could be recovered under that count.

3. *Same; Issue and Proof.*—Where but one trespass is charged on a specific day, the plaintiff may prove any time before the bringing of the action provided the time proven is not barred by the statute of limitations, since the precise date is immaterial; but he is confined in proof to one act of trespass.

4. *Evidence; Documents.*—Section 889, Code 1907, does not authorize the admission in evidence or use as evidence of a certificate of the Secretary of State, giving abstracted information regarding a patent copied from "a list of patents issued by the State."

5. *Adverse Possession; Evidence; Title Papers.*—While a patent from the state not executed in compliance with section 135, Constitution 1901, is not admissible in trespass as a muniment of title, yet it is admissible as color of title in connection with evidence of adverse possession thereunder.

6. *Same; Color of Title.*—Adverse possession for twenty years under a patent purported to be issued by the state, but not issued in accordance with the requirements of section 135, Constitution 1901, would enable the possessor and holder to defend a suit by the state for a recovery of the land so held.

7. *Public Lands; Swamp and Overflow Lands; Sale by State.*— Where the document purporting to be a patent is not issued in accordance with section 13, article 5, Constitution 1868, and was admissible in evidence only as color of title, the recitals in such document of the payment of the purchase money was not sufficient to confirm the purchaser's title under the provisions of Acts 1870-9, p. 198.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Toulmin Cleveland and others against the Southern Railway Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

The patent referred to is in effect that William F. Cleveland had deposited in the office of the Secretary of State of Alabama a certificate of the receiver of the swamp and overflowed lands of Alabama in and for the district of Mobile, whereby it appears that full payment has been made by said Cleveland, according to certain statutes therein mentioned, for certain described lands therein set out. Execution appears to be as follows: "In testimony whereof, I, Robert B. Lindsey, Governor of the state of Alabama, have caused these

letters to be made patent, and the seal of the swamp and overflowed land office to be hereto attached. Given under my hand at the city of Montgomery, the 2d day of January, 1872. Robert B. Lindsey, Governor of Alabama, by W. B. Chardavoyne, Secretary. (Land office of Alabama, Seal)" The other facts sufficiently appear in the opinion of the court. There also appears a certain certificate, made by the Secretary of State, as to what is shown by the record of the office relative to a certain patent issued to Willam F. Cleveland January 2, 1872.

The following written charges were requested by the defendant, and refused: (5) "The court charges the jury that, if you believe the evidence, you can award to the plaintiff only nominal damages under the first count of the complaint." (9) "The court charges the jury that the measure of the plaintiff's damages in this case, under the first count of the complaint, is the difference in the market value of the land trespassed on immediately before the commission of the injuries and the market value of the land immediately thereafter." Charges 4 and 6 are as follows: (4) Restricting plaintiff to nominal damages only. (6) Restricting plaintiff to nominal damages only under the second count.

BESTOR, BESTOR & YOUNG, for appellant. The court erred in sustaining plaintiff's objection to defendant's question seeking to elicit the value of the land, and the difference in the value before and after the trespass, and in refusing written charges Nos. 5 and 9.—2 Chitty on Pl. 859-867-870; *Ivey C. & C. Co. v. Ala. C. & C. Co.*, 135 Ala. 582; *White v. Yawkey*, 108 Ala. 272; *Brinkmeyer v. Bethea*, 139 Ala. 376; *Abercrombie v. Wyndham*, 127 Ala. 179. The court erred in refusing charge 6.—13 Cyc. 192; 28 A. & E. Enc. of Law, 724.

Under the complaint plaintiff was held to the proof of a single trespass.—*Owens v. The State,* 74 Ala. 401; *Abercrombie v. Wyndham, supra; A. M. Ry. Co. v. Martin,* 100 Ala. 513. The patent offered in evidence was not executed as required by law and hence, is not good as muniment of title.—Section 13, article 5, Constitution 1868; Section 1620, Code 1867. The court judicially knows who were the state officers at the time and that the governor and secretary of state did not sign said patent.—*Cary v. The State,* 76 Ala. 83; *Whiting v. Jasper L. Co.,* 119 Ala. 497; *Sandlin v. Dowdell,* 143 Ala. 518.

GAILLARD & MAHORNER, and GREGORY L. & H. T. SMITH, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—The first count of the complaint is in the Code form for trespass to land (quare clausum fregit), describing the injury thereto as "excavating and removing from said lands large quantities of sand and gravel, to wit, 20,000 cubic yards, on, to wit, the 1st day of December, 1907." The second count is for conversion "on, to wit, the 1st day of September, 1906, and on divers days thereafter, of the following chattels, to wit: Twenty thousand cubic yards of sand taken by the defendant" from certain land—the same as that described in the first count. Issue was joined on the plea of not guilty to both counts, and, judgment being rendered for plaintiffs, the defendant appeals.

Several of the assignments of error are based on the sustaining of plaintiffs' objections to defendant's questions to witnesses, calling for testimony as to the value of the land immediately before and after the alleged trespass. Without considering these questions separately, we hold that the trial court was in error in

not permitting the defendant to adduce evidence in this respect under the issue as made on said first count. The general rule heretofore recognized by this court, in cases of trespass to real estate, when the injury is done to the realty itself, is that the measure of damages is the difference in the value of the land immediately before and after the trespass; that is, the diminution in the value of the land caused by the trespass.— *Brinkmeyer v. Bethea,* 139 Ala. 376, 35 South. 996, and authorities cited; also *A. & B. A. Railway Co. v. Brown,* 158 Ala. 607, 48 South. 75; *Buck v. L. & N. R. R. Co.,* 159 Ala. 305, 48 South. 699; 28 Am. & Eng. Ency. Law (2d Ed.) 606; 13 Cyc. 150. The cases of *White v. Yawkey,* 108 Ala. 271, 19 South. 360, 32 L. R. A. 199, 54 Am St. Rep. 159, and *Ivey Coal Co. v. Alabama Coal Co.,* 135 Ala. 579, 33 South. 547, 93 Am. St. Rep. 46, are based on actions of trover, wherein the measure of damages is different.

It follows that the court erred in refusing written charges 5 and 9, requested by defendant. Charge 5 might well have been given for the further reason that the first count alleges a single trespass, whereas the evidence shows a continuous trespass, or rather a chain or series of trespasses at divers times extending through a period of several years, without showing the damage arising from any single trespass. Where but a single trespass is charged on a specific day, as in the first count, the precise date of its commission being immaterial, it follows that the plaintiff may prove any time before the institution of the action, provided it is not barred by the statute of limitations if pleaded; but he is restricted to the proof of one act.—21 Ency. Pl. & Pr. 812-816; *Abercrombie v. Windham,* 127 Ala. 180, 28 South. 387; 2 Chitty on Pleading (11th Am. Ed.) 847, and notes; *Kendall v. Bay State Brick Co.,* 125

Mass. 533; *Union Naval Stores Co. v. Pugh,* 156 Ala. 369, 47 South. 48.

The paper writing introduced in evidence by the plaintiff, purporting to be a patent from the state of Alabama to Wm. F. Cleveland, dated January 2, 1872, does not appear to have been executed in compliance with Const. 1868, art. 5, § 13 (section 135, Const. 1901); but, while not admissible as a muniment of title, it was properly admissible in evidence as color of title, in connection with the evidence tending to show adverse possession thereunder. We see no good reason why a defectively executed patent from the state, as well as a defectively executed deed by a private individual, or a void tax deed, however lacking in the essentials of a muniment of title, should not operate as color of title, where it purports to convey the land or the right to its possession into the party asserting adverse possession, provided the party claims under it in good faith. Adverse possession for the requisite period of 20 years, under such a color of title, would enable the adverse possessor to successfully defend a suit by the state itself to recover the lands.—*Goodson v. Brothers,* 111 Ala. 589, 20 South. 443; *Florence Co. v. Warren,* 91 Ala. 533, 9 South. 384; *Ala. State Land Co. v. Kyle,* 99 Ala. 474, 13 South. 43; *Perry v. Lawson,* 112 Ala. 480, 20 South. 611; 4 Mayfield's Dig. 101.

The court erred in admitting, over defendant's objection, the certificate of the Secretary of State, giving certain abstracted information with regard to the patent copied from a "list of patents issued by the state," purporting to give the name of patentee, price paid, etc. There is no statute making such a certificate evidence, and it is no more than a memorandum made by a third party, and is not admissible for any purpose. The statute does require the Secretary of State to "re-

cord all grants and patents issued by the state'"" (Code 1867, § 1621; Code 1907, § 889) ; but this certificate is not a transcript of a recorded patent, has no "appearance of title," and is no more admissible to show purchase and payment for the land than a memorandum made by any other third party.—*N. C. & St. L. Ry. v. Mathis,* 109 Ala. 381, 19 South. 384.

While the decree on final settlement of the estate of Margaret J. Cleveland does not appear to have been material, in the absence of any effort by defendant to show possession in the executors, we do not see how its introduction in evidence was harmful to defendant.

While the evidence as to the value of the particular sort of sand taken by defendant during the period in controversy, as well as the period wherein the trespasses were committed, is far from being clear, definite, and satisfactory, we do not think it necessary to review the action of the trial court in refusing charges 4 and 6, requested by appellant, in view of the fact that the case must be reversed and remanded for the errors above pointed out.

Act Feb. 12, 1879 (Acts 1878-1879, p. 198), is here assailed on constitutional grounds. This act confirmed title in purchasers from the state of "swamp and overflowed land," where the purchase money had been paid. Aside from the recitals in the document introduced in evidence purporting to be a patent, and executed by one Chardavoyne, there is no evidence in this case that the purchase money was ever paid to the state, or to any one purporting to represent the state. The said document signed by Chardavoyne was competent in evidence as color of title, and for this purpose only. The recitals therein of the payment of purchase money were nothing more than the unsworn statement of Chardavoyne, and were simply hearsay evidence, and

therefore illegal and inadmissible. With the lack of evidence of the payment of the purchase money, Act Feb. 12, 1879, could be of no benefit to the plaintiffs in confirmation of their title, and therefore the· question of the constitutionality of the act need not be considered.

For the errors pointed out, the judgment is reyersed, and the cause remanded.·

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.