# Beall, *et al.* v. Folmar.

### Bill to Enforce Vendor's Lien.

(Decided April 20, 1917.   75 South. 172.)

1. Vendor and Purchaser; Vendor's Lien; Enforcement; Laches and Stale Demands; Lapse of Time.—The equitable remedy to enforce a vendor's lien is not stale, and is not barred by lapse of time until the expiration of 20 years after the purchase money became due and payable.

2. Vendor and Purchaser; Vendor's Lien; Enforcement; Laches and Stale Demands; Lapse of Time.—Such rule is not rendered inapplicable or inef-

[Beall, et al. v. Folmar.]

fectual because of the fact, or its absence, that the legal title to the land passed at the time the obligation to pay the purchase money was created.

3. **Equity; Bill; Allegations of Fact or Conclusions.**—In an action to enforce a vendor's lien in equity, allegation in the bill that the complainant is the owner of the note and debt constituting the basis of the vendor's lien asserted is sufficient; being the averment of an ultimate fact, and not of a conclusion of law.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. O. S. LEWIS.

Bill by Geo. A. Folmar against J. H. Beall and others to enforce a vendor's lien. Decree for complainant, and respondents appeal. Affirmed.

The allegations of the bill, briefly, are: That J. W. Beall, in April, 1894, was the owner of certain real estate in the town of Luverne, consisting of two storehouses and lots. That at that time said Beall was a member of the firm of Beall & Coston, and conveyed by warranty deed to Beall & Coston the above-described property, and other property, and that Beall & Coston executed a note payable November 1, 1894, for $7,500, as the purchase price of said storehouses and lots. That the firm of Beall & Coston afterwards became indebted to Lehman, Durr & Co. in the sum of $8,000, and said J. W. Beall placed said note of Beall & Coston with said Lehman, Durr & Co., as collateral security for said indebtedness; and, having failed to pay said indebtedness, orator purchased from Lehman, Durr & Co. the said indebtedness, paying therefor the sum of $8,000, and thereby became the owner of said note, and was entitled to a vendor's lien for the amount of said note against the property as described. Orator has never been reimbursed or paid in whole or in part for the money paid by him to said Lehman, Durr & Co. for the purchase of the indebtedness to said Beall & Coston, but the same, with interest thereon, is still due and unpaid. It is then alleged that later J. W. Beall conveyed by warranty deed to W. E. King one of said storehouses and lots, and still later conveyed the other to W. W. Walker, and that King conveyed by deed to W. W. Walker the storehouse formerly conveyed to him by Beall, and that the deed from Beall to Walker, and from King to Walker, has never been recorded. In June, 1911, Walker mortgaged said storehouses to the Bank of Luverne, and, the mortgage not being paid, they foreclosed the same, and in July, 1913, said bank conveyed the storehouse located on lot 6 to J. H. and Duke Beall and in January, 1914, conveyed the storehouse on lot 7 to the same parties.

That King, Walker, and the bank, and J. H. and Duke Beall, each and all had notice, actual or constructive, that there was an unsatisfied vendor's lien against the same, or had notice of facts sufficient to put them on inquiry. It is then alleged that the firm of Beall & Coston are insolvent, and that complainant is without means to enforce his demands. The bill was amended by showing the payment made by Beall & Coston aggregating $500, made at various times; the last being made July, 1896.

FRANK B. BRICKEN for appellant. W. A. GUNTER for appellee.

McCLELLAN, J.— (1, 2) The original bill, and as it was several times amended, seeks the enforcement of a vendor's lien upon two lots in Luverne. The purchase price of the lots was $7,500. A note therefor was given by the vendees on April 27, 1894. This note matured and was payable on the 1st day of November, 1894. The original bill was filed October 3, 1914; 28 days before the expiration of 20 years after the maturity of the note. It is settled in this jurisdiction that the equitable remedy to enforce a vendor's lien is not stale, is not barred by lapse of time until the expiration of 20 years after the purchase money became due and payable.—*Shorter v. Frazer,* 64 Ala. 74, 8 ; *Ware v. Curry,* 67 Ala. 274, 284; *Hood v. Hammond,* 128 Ala. 569, 578, 30 South. 540, 86 Am. St. Rep. 159. In *Ware v. Curry, supra,* it was declared that the rule stated was not rendered inapplicable or ineffectual because of the fact, or because of its absence, that the legal title to the land passed at the time the obligation to pay the purchase money was created. The cases of *Tayloe v. Duggar,* 66 Ala. 444, *Phillips v. Adams,* 78 Ala. 225, and *Beard v. Ryan,* 78 Ala. 37, are not opposed to the doctrine of the cases first cited. Both the *Tayloe* and the *Beard Cases* involved and turned, in one aspect, upon the question of adverse possession, as that condition was affected by the inquiry whether the claim was or could be hostile to the vendor. The *Phillips Case* invoked consideration of the rule of evidence establishing the conclusive presumption that payment of an obligation has been made if for 20 years there was no recognition by the obligor of his liability to pay.—*Roach v. Cox,* 160 Ala. 425, 49 South. 578, 135 Am. St. Rep. 107.

(3) The allegation in the bill that the complainant is the owner of the note and the debt, constituting the basis of the

[Bank of Guntersville v. Crater.]

vendor's lien asserted, was and is sufficient, being the averment of an ultimate fact, and not a conclusion of law.—*Sheffield Nat. Bank v. Corinth Bank & Trust Co.*, 196 Ala. 275, 72 South. 127.

The decree appealed from is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.