(89 South. 562)

HARRISON v. SOLLIE et al.    (4 Div. 898.)

(Supreme Court of Alabama.    Feb. 10, 1921. On Rehearing, May 5, 1921.    Rehearing Denied June 30, 1921.)

Adverse possession ⬅63(5) — Vendor's lien not extinguished by adverse possession of less than 20 years under executed conveyance.

Adverse possession of land meaning a disseizin of the owner of the legal title, the equitable lien of the vendor cannot be extinguished by exclusive possession of his vendee, or of a subvendee with notice of the existing lien, under an executed conveyance of the legal title, within less than 20 years after the debt fell due, the vendor having in such case neither possession nor right of possession, though where the legal title remains in the vendor, as in the case of an executory contract of sale, the vendee or subvendee may claim and hold adversely to such legal title, and after 10 years extinguish the same.

Thomas, J., dissenting.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by Sarah A. Harrison against Mrs. A. E. Sollie and others. Decree for respondents, and complainant appeals. Reversed, rendered, and remanded.

The facts involved in this litigation will be found stated in the opinion and statement of facts in 204 Ala. 522, 86 So. 380, and in the opinion and statement of facts in Sollie et al v. Outlaw et al. (4 Div. 929) post, p. ——, 89 South. 561, together with the opinions in this case.

O. S. Lewis, of Dothan, for appellant.

Complainant was entitled to have her vendor's lien enforced. 5 Ala. 364, 39 Am. Dec. 327; 124 Ala. 633, 26 South. 959. The effort to enforce the vendor's lien is not stale, and is not barred by the statute of limitations until the lapse of 20 years. 64 Ala. 74; 67 Ala. 274; 78 Ala. 225; 147 Ala. 200, 40 South. 504; 199 Ala. 596, 75 South. 172. No question of adverse possession can arise under a bill to enforce a vendor's lien. 75 Ala. 428; 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; 64 Ala. 80; Pom. Eq. Jur. (4th Ed.) § 688; section 4834, Code 1907; 3 Stew. & P. 215; 3 Ala. 302; 60 Ala. 466; 64 Ala. 496.

H. L. Martin, of Ozark, Farmer, Merrill & Farmer, of Dothan, W. O. Mulkey, of Geneva, W. W. Sanders, of Elba, and Sollie & Sollie, of Ozark, for appellees.

The decree dismissing complainant's bill because of adverse possession in the respondent should be affirmed. 70 Ala. 567; 69 Ala. 217; 187 Ala. 156, 65 South. 769; 43 Ala. 271; 92 Ala. 571, 9 South. 332; 92 Ala. 249, 8 South. 806; 1 Cyc. 162; 177 Ala. 140, 58 South. 419; 88 Ala. 396, 6 South. 682; 98 Ala. 189, 12 South. 454, 39 Am. St. Rep. 45; 101 Ala. 234, 13 South. 311; 199 Ala. 596, 75 South. 172. The majority of opinion in effect overrules the case of Barclay v. Smith, 66 Ala. 230, which has already become a rule of property in this state, and is referred to in 156 Ala. 454, 47 South. 83, as decisive of that case. See, also, 78 Ala. 150.

THOMAS, J.    The bill was to enforce a vendor's lien on lands.

It is averred that on December 15, 1905, appellant and other joint owners sold their undivided interests in the land, described in the bill, to W. M. Willis, joining in a deed without condition, reciting a consideration of $3,000; that said grantee was to pay appellant (Sarah Harrison) $500 for her interest in the land, no security being taken for said amount of the purchase price, and that the same is due and unpaid; that in February, 1906, said Willis executed a mortgage, payable on October 1, 1907, conveying these lands to W. S. Oates for $1,000, on which has been paid $100 interest, which is alleged to have been usurious; that in September, 1907,

appellant and others employed the husband of appellee to file a bill against said Willis to enforce their vendor's lien on the lands (the facts averred to be the same as set forth in the bill and dealt with in Sollie v. Outlaw, 204 Ala. 522, 86 South. 380) ; that, pending such litigation, on October 23, 1907, said mortgage was foreclosed with a knowledge that appellant had not been paid the purchase money for her interest in said lands; appellee purchased the land at said foreclosure sale, and, as such purchaser claimed title to the land, entered into possession thereof under her deed from mortgagee Oates and the auctioneer who conducted the foreclosure sale.

The purchaser at such foreclosure sale claims (1) to be "an innocent purchaser for value, without notice" of appellant's said equity; and (2) that she has had adverse possession of the land for 10 years, defeating appellant's claim. In the final decree the first contention was decided by the trial court adversely to appellee, yet the defense of adverse possession for 10 years prior to the filing of the bill was decreed to have been proven, and was a defense or bar to complainant's recovery. The bill was dismissed, and complainant taxed with the costs incurred in that behalf.

A vendor of land may retain a lien for purchase money on its sale unless it is expressly or impliedly waived. Jacobs v. Goodwater Graphite Co., 87 South. 363 ;[1] Kinney v. Ensminger, 94 Ala. 536, 538, 10 South. 143 ; Hammett v. Stricklin, 99 Ala. 616, 13 South. 573; Gravlee v. Lamkin, 120 Ala. 210, 24 South. 756; Acree v. Stone, 142 Ala. 156, 37 South. 934; Campbell v. Goldthwaite, 189 Ala. 1, 66 South. 483; Russell v. Stockton, 199 Ala. 48, 74 South. 225 ; Foster v. Trustees of Athenæum, 3 Ala. 302; Dowling v. McCall, 124 Ala. 633, 26 South. 959; Turner v. Turner, 193 Ala. 424, 69 South. 503.

The equitable remedy to enforce a vendor's lien is not "stale" until the expiration of 20 years after the purchase money becomes due and payable. Shorter v. Frazer, 64 Ala. 74, 80; Leek v. Meeks, 199 Ala. 89, 95, 96, 74 South. 31; Tayloe v. Dugger, 66 Ala. 444; Ware v. Curry, 67 Ala. 274; Beall v. Folmar, 199 Ala. 596, 75 South. 172 ; Salvo v. Coursey, 87 South. 519.[2] However, the statute of limitations of 10 years may bar a suit at law for the recovery of a debt, if it be incurred in the purchase of properties on which there is a vendor's lien; but it has no application to a bill for the enforcement of the lien between the original parties. Hood v. Hammond, 128 Ala. 569, 30 South. 540, 86 Am. St. Rep. 159; Reynolds v. Lawrence, 147 Ala. 216, 40 South. 576, 119 Am. St. Rep. 78; Phillips v. Adams, 78 Ala. 225.

The general rule—subject to yield when sufficient circumstances appear to the contrary—that the possession of land by a vendee holding under an executory written contract for the purchase of land is not adverse as to his vendor, is not applicable to the instant facts. Rankin v. Dean, 157 Ala. 490, 47 South. 1015;. Perry v. Lawson, 112 Ala. 480, 20 South. 611; Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 South. 349; Beard v. Ryan, 78 Ala. 37, infra; Walker v. Crawford, 70 Ala. 567, infra; Casey v. Morgan, 67 Ala. 441; Potts v. Coleman, 67 Ala. 221; Tayloe v. Dugger, supra ; Collins v. Johnson, 57 Ala. 304; Miller v. State, 38 Ala. 600; Seabury v. Doe, ex dem. Stewart & Easton, 22 Ala. 207, 58 Am. Dec. 254. The reason for the foregoing rule is that the vendee, though "not strictly a tenant of the vendor, and though the technical relation of landlord and tenant is not created, is estopped from denying the title of the vendor, upon principle and reasoning like that which estops the tenant from disputing the title of the landlord." Potts v. Coleman, supra ; Mizamore v. Berglin, 197 Ala. 111, 72 South. 347, L. R. A. 1916F, 1024 ; Sellers v. Hayes, 17 Ala. 749.

This decision turns upon the question of adverse possession of said lands for 10 years, not by the original vendee Willis, but by a third party who had purchased at the foreclosure sale of the mortgage by Willis to Oates—by the grantee named in the auctioneer's or mortgagee's deed. To such third party purchaser the statute of adverse possession for 10 years was available. Beall v. Folmar, supra ; Walker v. Crawford, 70 Ala. 567; Perry v. Lawson, supra ; Beard v. Ryan, 78 Ala. 37. And on this phase of the case the question of fact was ascertained by the decree of the circuit court in equity adverse to appellant, and is well supported by the evidence.

The decree of the circuit court in equity being in consonance with the latter rule, to which we have adverted, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

SOMERVILLE, J. The adverse possession of land means a disseizin of the owner of the legal title.

"If there be no other person entitled to present possession, there can be no repugnancy, actual or constructive, between the mere possession of the occupant and the rights of any one else. A possession, to be adverse, must, in other words, operate to disseize, or oust, some other claimant of his possession or right of possession. * * * Hence, an adverse possession has been defined to be, an occupancy 'which disclaims the title of the negligent owner.' * * * We are unable to conceive of an adverse possession which is not exclusive of the rightful owner, or does not operate to encroach upon his right of possession so as to oust or

---

[1] 205 Ala. 112.    [2] 205 Ala. 280.

disseize him." Pickett v. Pope, 74 Ala. 122, 131.

An understanding of the essential nature and operation of adverse possession makes perfectly clear the impossibility of the extinction of the equitable lien of a vendor of land as a result of the exclusive possession of his vendee under an executed conveyance of the legal title. In such a case the vendor has neither possession nor right of possession. He cannot be disseized, because he has no right of seizin. There is, in short, no objective upon which an adverse possession can operate to any legal effect, so far as the vendor is concerned; nor is the situation in any wise different when the land has passed to a subvendee, even though he has paid the purchase price to his immediate vendor, unless he is a purchaser without notice of the existing lien.

Upon the foregoing principles, the bill of complaint exhibits an unpaid vendor's lien which could not be defeated by any lapse of time short of 20 years after the debt fell due. Beall v. Folmar, 199 Ala. 596, 75 South. 172, and cases therein cited. And, as the evidence supports the allegations of the bill, and affirmatively shows that the respondent, and also her immediate vendor, Oates, had notice of the existence of the lien, the complainant was entitled to the relief prayed, and the trial court erred in dismissing the bill. We find no decision of this court which in any wise conflicts with our conclusion.

The cases relied on by appellee, and cited as authorities in the opinion of Mr. Justice Thomas, all deal with executory contracts of sale in which the legal title remained in the vendor. In such cases the vendee, or a subvendee, may, of course, claim and hold adversely to the legal title of the vendor, and by such claim and holding may effectually disseize him, and after 10 years extinguish his title. It is to be observed that the only difference between the status of an immediate vendee and a remote vendee in executory sales is that an immediate vendee, who has not paid the purchase money, is presumed to hold in subordination to the title of his vendor; while a remote vendee, under an executed conveyance, who has paid the purchase money to his immediate vendor, is presumed to hold adversely to the title of the original vendor. Tayloe v. Dugger, 66 Ala. 444; Walker v. Crawford, 70 Ala. 567. But, if the possession actually becomes adverse to the title of the original vendor, by appropriate assertion and conduct, it will be as effective in the one case as in the other.

In the case of Perry v. Lawson, 112 Ala. 480, 20 South. 611, there was an executory contract of sale by a married woman, followed by her execution of a deed which was utterly void for want of her husband's joinder. It was properly held that the purchaser could hold adversely to the vendor, and that his acceptance of the deed, which was color of title, was notice to her of the change in the character of his possession from subordination to hostility. Perry v. Lawson has no bearing on this case.

The application for rehearing will be granted, the judgment of affirmance will be set aside, the decree of the trial court will be reversed, a decree will be here rendered granting the relief prayed for, and the cause will be remanded for further proceedings in accordance with this opinion.

Reversed, rendered, and remanded.

All concur, except THOMAS, J., who dissents.

THOMAS, J. Mrs. Sollie holds under an auctioneer's deed of date October 29, 1907, made to her as purchaser at foreclosure sale of the Oates mortgage, and went into immediate possession of the lands as such purchaser. This bill was filed March 18, 1919.

A general statement of rules pertaining to real property is that a person is said to have color of title to lands when he has an apparent, though not a real, title to the same, founded upon a deed or writing which purports to convey the lands, and under which he bona fide claims the real property made the subject of the deed; that possession under color of title for the period of statutory limitation confers upon the holder a perfect title in law, and that such possession may be transferred to subsequent parties, and the possession of the different holders may be united or tacked so as to make up the statutory period. 1 Warvelle on Vendors (2d Ed.) § 50. The doctrine of adverse possession rests upon the acquiescence, express or implied, of the parties immediately affected by such possession. Hence, when possession is acquired in subordination to the title of the true owner, to constitute the continued possession adverse there must be a disclaimer of the title of him from whom the possession was acquired—"an actual hostile possession of which he has notice, or which is so open and notorious as to raise a presumption of notice" (Dothard v. Denson, 72 Ala. 541, 545); and neither the claim of the real title in good faith nor color of title is essential, the actual possession in such case being equivalent to notice (Gerald v. Hayes, 205 Ala. 105, 87 South. 351).

The general rule (2 Tiffany, Real Prop. [2d Ed.] § 513[f]) is that, as between the original vendor and vendee, the possession of the vendee of the land under an executory contract of sale is presumed to be in subordination to the rights of his vendor so long as the purchase price has not been paid or the contract unperformed on his part (E. T., V. & G. R. R. Co. v. Davis, 91 Ala. 615, 8 South. 349; Sample v. Reeder, 107 Ala. 227, 231, 232, 18 South. 214); and when so performed, or tender of full performance made, by the vendee his possession becomes adverse to the

vendor (Woods v. Montevallo, etc., Co., 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393; Potts v. Coleman, 67 Ala. 221; Tayloe v. Dugger, 66 Ala. 444; Jernigan v. Flowers, 94 Ala. 508, 10 South. 437; Perry v. Lawson, 112 Ala. 480, 20 South. 611; T. C. I. Co. v. Linn, 123 Ala. 112, 26 South. 245, 82 Am. St. Rep. 108; Cannon v. Prude, 181 Ala. 629, 62 South. 24; Ala. State Land Co. v. Matthews, 168 Ala. 200, 53 South. 174; McQueen v. Ivey, 36 Ala. 308; Beard v. Ryan, 78 Ala. 37; 1 A. L. R. 1330, 1337, 1340, 1344, 1345); or when a deed has been executed (Perry v. Lawson, supra) "the mere fact that a purchaser from the original vendee has made full payment to the latter suffices in itself to make such purchaser's possession adverse to the original vendor" (Tayloe v. Dugger, supra; Beard v. Ryan, supra). In Beall v. Folmar, 199 Ala. 596, 75 South. 172, the cases of Tayloe v. Dugger and Beard v. Ryan were recognized as authorities, the facts stating that both these cases turned "upon the question of adverse possession, as that condition was affected by the inquiry whether the claim was or could be hostile to the vendor." In Perry v. Lawson, supra, it is said:

"Where a party holds under an executory contract of purchase, his possession does not become adverse to his vendor, in the absence of a clear repudiation of his allegiance, brought home to the vendor, until he becomes entitled to a conveyance, by paying the purchase money, or otherwise complying with the conditions of the purchase. This rule, however, does not apply where a conveyance has been executed, under which, and not under the executory contract, the vendee continues to hold and claim the lands. This is true, although the purchase money, for which a vendor's lien would exist, has not been paid."

Such was the announcement where the possession taken was under a deed executed by a married woman without joining her husband; the holding being that such deed served as color of title and turned into adverse holding that which was or had been a recognition of the adversary's title. Southern Ry. v. Cleveland, 169 Ala. 22, 53 South. 767.

This court has said of possession of a subpurchaser from a mortgagor that he holds the land adversely as against the purchaser at foreclosure sale, since on foreclosure the mortgage becomes functus officio; that a purchaser from mortgagor holds possession adversely to the mortgagee or purchaser at foreclosure sale, though the latter be the original mortgagee. Garren v. Fields, 131 Ala. 304, 30 South. 775. The possession of one who takes a deed from a vendee is deemed adverse to the vendor. Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 South. 349 (ejectment, where possession was held under an administrator's sale though decedent had not paid the purchase money); Beard v. Ryan, 78 Ala. 37, 41, 42 (ejectment—the case of a subpurchaser or third party); Walker v. Crawford, 70 Ala. 567 (in equity, for enforcement of vendor's lien and defeated on plea of adverse possession of a subpurchaser or third party); State v. Conner, 69 Ala. 212 (ejectment by subpurchaser from a purchaser under executory contract of purchase); Tayloe v. Dugger, 66 Ala. 444 (ejectment, where the purchase money was paid by purchaser under executory contract); Miller v. State, 38 Ala. 600 (ejectment, by subpurchaser holding under sheriff's deed).

Though the instant case appears to be one of first impression, on principle or reason it is not to be differentiated from the holding in foregoing authorities last cited; and especially from Walker v. Crawford, supra, where the bill in equity was by a vendor to subject lands to payment of purchase money, and was defeated under the plea of adverse possession. The fact that such purchaser was let into possession under an executory contract, and, not having paid the purchase money, and not having received a conveyance, he held in subordination to the title of the vendor, and that, where he sells and conveys to a third person, who pays the stipulated price, is let into possession and receives a conveyance of the title in fee simple, such subpurchaser may hold adversely to the original vendor, and may acquire a title under such adverse possession, is, in my judgment, decisive of the instant case, and justifies the conclusion stated in my original opinion. The fact that there are two absolute conveyances between the enforcement of the equity of complainants and the possession of Mrs. Sollie strengthened, rather than weakened, her possession—made a stronger case than that of the foregoing subpurchaser under executory contract to convey.

I wish to conclude by a reference to State v. Conner, supra, wherein Judge Stone makes the distinction between the defense of bona fide purchase without notice and that of adverse possession. I think his words may be applied with great force to the facts of the instant case:

"One who acquires possession under a conveyance from an executory purchaser takes it under title simply colorable, and, in fact, acquires no title whatever. Such holding, not being in subordination to the true title, but in disregard of it, we have held that it is independent and adverse; and if permitted to continue 10 years, it ripens into a title which will defeat or maintain an action of ejectment. * * *

"It is very true, if Mrs. Conner's defense rested on that ground, she has entirely failed to make it good. To maintain such defense, the purchaser must not only show a conveyance to himself, but he must go farther and prove that his grantor was seized of a legal title, superior to that shown by plaintiff. And he is charged with notice of every defect, which an examination of his vendor's chain of title would disclose. If, as is claimed in this case, title never passed out of the state to White, the first purchaser, an examination of Whitsett's

chain of title would have disclosed the absence of this first, and most important link in the chain. This would have invalidated her title, and would have been fatal to her plea of bona fide purchase. Bradford v. Harper, 25 Ala. 337; 2 Brick. Dig. 520, § 184; Coyle v. Wilkins, supra, 57 Ala. 108. But the defense does not rest on a bona fide purchase without notice. If it did, and were made out, the defendant would not require the aid of the statute of limitations. That defense does not depend nor rely on original sufficiency of title. It relies on no documentary title whatever, and impliedly concedes that the possession had its inception not in right, but in wrong. The gist of it is, that the defendant and those under whom he claims, have held continuous adverse, or independent possession for ten years next before the suit was brought. Collins v. Johnson, 57 Ala. 304." 69 Ala. 217, 218.