(98 South. 127)

**SOLLIE v. OUTLAW et al.** (4 Div. 47.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Denied Dec. 7, 1923.)

**Mortgages** ⊙=199(4)—**Assignee in possession cannot complain of finding allowing rents to abate or extinguish interest.**

One in possession as assignee of a mortgage is accountable for rents and profits, and hence cannot complain of a finding allowing the rents to abate or extinguish the interest on the mortgage, where the annual rent less taxes and other lawful charges exceeds the interest.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by Susie Outlaw and others against A. E. Sollie. From the decree, respondent appeals. Affirmed.

For a statement, see 204 Ala. 522, 86 South. 380; 206 Ala. 284, 89 South. 561.

H. L. Martin, of Ozark, for appellant.

For brief, see former appeals. 204 Ala. 522, 86 South. 380; 206 Ala. 284, 89 South. 561.

O. S. Lewis, of Dothan, for appellees.

For brief, see former appeals. 204 Ala. 522, 86 South. 380; 206 Ala. 284, 89 South. 561.

ANDERSON, C. J. This is the third appeal in this case. In the first appeal, reported 204 Ala. 522, 86 South. 380, the equity of the bill was settled. In the second appeal it was held that the limitation of 10 years was not available to the respondent, A. E. Sollie, 206 Ala. 284, 89 South. 562. Upon the last hearing this said respondent attempted to invoke an estoppel which the trial court found was not established by the proof and with which finding this court is in thorough accord.

Therefore the only remaining question for consideration was the correctness of the finding as to the amount due Mrs. Sollie as assignee of the Oates mortgage. The trial court allowed the rents to abate or extinguish the interest, and in this there was no error

as to which this appellant could complain as the trial court found, and which is supported by the proof, that the annual rent, less the tax and other lawful charges, exceeded the interest. As we understand the former opinion, in construing the original decree, it fixed the status of Mrs. Sollie as assignee of the Oates mortgage, that is, as a mortgagee in possession and not as the purchaser at a regular and valid mortgage sale, and this being the case, she was accountable for rents and profits. Downs v. Hopkins, 65 Ala. 508; Garland v. Watson, 74 Ala. 326; Adams v. Sayre, 76 Ala. 519. True, in the first appeal, 204 Ala. 522, 86 South. 380, this court declined to pass upon a demurrer to the bill as to rents for the reason that no claim or suggestion was made as to same except in the prayer, but the bill was subsequently amended charging a reception of rents and asking for an account of and credit for same and which we think was allowable under the facts of the case, and the trial court did not err in permitting said amendment to the bill of complaint.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

Upon Rehearing.

ANDERSON, C. J. It is suggested, among other things, upon application for rehearing, that the opinion in this case is inaccurate in stating that this is the "third appeal in this case." We concede that this criticism, while hypercritical, is technically correct, as the parties were not identical in the case as reported in 206 Ala. 284, 89 South. 562. But it did contain facts and involve questions relative to the same subject-matter and which were pertinent to the final decree in the present case.

After a careful consideration of the application, we are still of the opinion that the decree of the trial court is correct.

Application for rehearing overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.